(No. 75-CV-44—)

RAYMOND KAEPPLINGER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 18, 1975.*

RAYMOND KAEPPLINGER, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred December 4, 1973, at 5653 W. Fullerton Avenue, Cook County, Chicago, Illinois. Raymond Kaepplinger, victim, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill.Rev.Stat., 1973, Ch. 70, §71, et. seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the court, the court finds:

1. That the claimant, Raymond Kaepplinger, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery". (*Ill. Rev. Stat., 1973, ch. 38, §12-4.*)

2. That on December 4, 1973, the claimant was beaten by two unknown men in his photo studio at 5653 West Fullerton, in Chicago. Prior to the beating, the claimant was conducting his business at the studio.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any wrongful act or provocation by the claimant for the attack upon him by the two men in his photo studio.

4. That the claimant was transported to St. Anne's Hospital, 4950 West Thomas, Chicago, where he was treated for his injuries by Dr. E. R. Felix. A further and more detailed summary of the facts and information considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts reported therein are incorporated in this opinion by reference.

5. That the victim and his assailant were not related nor sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials and claimant has fully cooperated with their requests for assistance. However, the assailants have not been identified at this time.

7. That the claimant seeks compensation for medical expenses and loss of earnings.

8. That the claimant was unable to work from December 4, 1973, to December 13, 1973, and, again, from December 24, 1973, to January 2, 1974, as a result of his injury, a total of 19 days.

9. That the claimant has proved to the court's satisfaction that his loss of earnings compensable under the statute was $312.00.

10. That in addition to loss of earnings, the claimant incurred medical and hospital expenses which were partially covered by insurance benefits, and the gross

amount of the pecuniary loss for these items as computed before deductions and setoffs is as follows:

1) Hospital ...................................... $1,294.65
2) Medical ...................................... 725.00

$2,019.65

11. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

(d) "shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act', or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant. . .)".

12. That, in the claim before us, the benefits received by the claimant from other sources which must be deducted from his loss, as contemplated by §7(d) of the Act, were shown to be in the total sum of $1,420.79. This amount, plus the statutory deduction of $200, having been deducted from the gross amount of loss as calculated in paragraphs 9 and 10, leaves a loss compensable under the Act of $710.86. Hence, the claimant is entitled to an award in the amount of $710.86, i.e.,

Net loss of earnings .................................. $312.00
Net Hospital & Medical ............................... 598.86

910.86
Less $200 deductible ................................. −200.00

$710.86

It Is Hereby Ordered that the total sum of $710.86 (Seven Hundred Ten Dollars and Eighty Six Cents) be awarded Raymond Kaepplinger, an innocent victim of a violent crime.